Cuetara Hermanos v. The Royal Ins. Co.

CUETARA HERMANOS, in Behalf of and.for the Benefit of Barnabe Pérez, Tomás Pérez, and Leandro Correa, Libellants,

*v.*

THE ROYAL INSURANCE COMPANY, LIMITED, . Respts.

---

Ponce, Admiralty, No. 1523.

MARINE INSURANCE.

Marine Insurance—Authority to Issue Policy Shown.

1. Where general agents of an insurance company are vested with power to issue policies of marine insurance upon certain designated vessels, or upon cargoes to be carried in such vessels, and a policy is issued covering cargoes carried in vessels not so listed, the libel for loss,.must allege that authority had been conferred upon the general agents by the insurance company to issue the policy in question, and failure to do so renders the libel subject to exception.

Marine Insurance—Owners of Cargo May Sue Together or Separately.

2. Where a loss is alleged to have occurred under marine insurance policy of a cargo carried in a vessel, and different portions. of said cargo are owned by distinct individuals, the losers may unite in one libel, or file separate libels.

Opinion filed February 7, 1922.

---

Mr. E. B. Wilcox for plaintiff.

Mr. O. B. Frazer for defendant.

Cuetara Hermanos v. The Royal Ins. Co.

Odlin, Judge, delivered the following opinion:

On January 24, 1922, an order in this case was signed sustaining one exception, being No. 3, of those which had been filed by the respondent on January 4, 1922, to the libel herein; later the proctor for the libellants applied for a rehearing which the court granted, and all these exceptions have been reargued at length by counsel for the libellants and counsel for the respondent. There have also been filed with the court elaborate briefs by each of said counsel and the court having considered the same is of the opinion that there was an error in the order of the court above referred to, signed on January 24, 1922, and for that reason said order is now revoked.

There are six exceptions which have been filed by the counsel for the respondent, the first of which is based upon the claim that this suit is not brought in the name of the real party in interest. It is admitted that the policy in question was issued and obtained by Cuétara Hermanos, but it is also alleged that it was for the benefit of Bernabe Pérez, Tomás Pérez, and Leandro Correa. It is claimed by the respondent that the libel should be brought directly in the name of these three as being the real parties in interest. The court, after examining the various authorities, is of the opinion that while the libel might have been brought in the name of these three persons last named, it is not improper to bring this suit in the form in which it has been brought, and, therefore, the first exception is overruled.

The second exception is based upon the claim that it appears from the libel itself that the libellant (not named but presumed to refer to Cuétara Hermanos) had no insurable interest in the goods alleged to be insured at the time of the loss thereof. This

exception is overruled because it does appear from the libel that the parties above named, for whose benefit the libel is filed, did have such insurable interest.

The third exception is based upon the claim that the libel fails to state a cause of action against the Royal Insurance Company, inasmuch as the alleged representations of the agents of said insurance company, with respect to their authority as such agents, are not binding upon said insurance company, and that the allegation of such authority must be made directly.

Turning to the libel itself, we find that there is an apparent confusion or contradiction between paragraph three and paragraph six of the libel. Paragraph three does state that the insurance company through its general agents at all times represented to the libellants and to the public generally that said general agents did possess from the insurance company full authority to accept applications for marine insurance or to reject the same; and also that said general agents did have from the said insurance company all those powers and that authority usually had and possessed by general agents; and that said general agents in the course of their dealing with the libellants and the general public did perform all those acts and things and did exercise all those powers and authority as set forth in said paragraph three according to their own discretion and judgment without recourse for instructions to the main office of the insurance company in particular cases; and that the libellants in good faith believed that the said general agents did have and possess all such authority; and that said libellants did deal with the said insurance company through the said general agents in all their dealings and upon said faith and belief; but it is not specifically alleged that such acts and powers

Cuetara Hermanos v. The Royal Ins. Co.

were actually bestowed upon said general agents by the insurance company itself. It is true that in paragraph six there appear allegations to the effect that the schooner described in the libel, prior to February, 1921, had been inspected and passed as seaworthy by the Porto Rico Marine Underwriters' Association and that a certificate had issued to that effect for one year and that this certificate was in full force and effect at all times mentioned in this libel; but it is admitted in paragraph six that the said schooner did not appear in the list of coastwise boats upon which insurance should be accepted. Paragraph six also alleges that all these facts were known to the general agents of the insurance company, but it is not alleged that they were known to the insurance company itself and it is not alleged that authority had been conferred upon or had been vested in said general agents by the said insurance company to write policies of marine insurance upon cargoes to be carried in the said schooner. For these reasons the court is of the opinion that the third exception to the libel must be sustained.

We now come to the fourth exception, which is to the effect that an allegation appears in the libel that a portion of the merchandise claimed to have been covered by the policy was saved and it therefore appears from the libel itself that the libellants are in no event entitled to recover the face value of the policy. It appears that the claim of Bernabe Pérez is the sum of thirteen hundred dollars ($1,300), according to the libel, and that the claim of Tomás Pérez is two thousand, two hundred dollars ($2,200), according to the libel, and that the claim of Leandro Correa is the sum of sixteen hundred dollars ($1,600), according to the libel. It is therefore clear

Cuetara Hermanos v. The Royal Ins. Co.

that the various parties cannot in any event recover more than they claim and that if the total of said several sums should be less than the face value of the policy, there would be diminution pro rata in case it should appear hereafter that the insurance company was liable. Inasmuch as there is no claim made in the libel that a recovery should be had for the face value of the policy, it seems to me that exception four is not pertinent, and therefore the same is overruled.

We now come to exception five, which is based upon the claim that the libel fails to set forth the conditions of the insurance policy with sufficient clearness, in that the libel does not show whether the said policy insured against general average losses or particular average losses or only total loss of ship and cargo. The court is of the opinion that this exception is well taken and that the libel should state clearly and definitely the terms and conditions of the policy claimed to have been obtained by Cuétara Hermanos from the general agents of the Royal Insurance Company, in order that the latter may be able to frame its defense so that the cause may be heard according to rules governing admiralty trials and that a proper judgment may be entered. Therefore exception five is sustained.

We now come to the last exception, Number six, which is based upon the claim that there is a misjoinder of causes of action. It is argued by counsel for the respondent that inasmuch as part of the goods claimed to have been lost were owned by Barnabe Pérez and another part was owned by Tomás Pérez and another part was owned by Leandro Correa, that there should have been three distinct libels filed and then an order requested for their consolidation. The court is of the opinion that either of two practices is proper; that these three people

Cuetara Hermanos v. The Royal Ins. Co.

had the right to employ one counsel and bring one libel in the name of Cuétara Hermanos for the benefit of all of the three, or that these three parties might have brought separate libels by the same or different counsel, if they had desired. I cannot see that the respondent, the Royal Insurance Company, is in any way injured by having these three causes of action presented in one libel, inasmuch as any losses which these parties may have sustained are based upon one single policy, and therefore exception No. 6 is overruled.

The court therefore directs that exceptions one, two, four, and six are overruled and that exceptions three and five are sustained, and counsel for the libellants is allowed until Monday, the 27th day of February, 1922, in which to file an amended libel, if he shall so desire, giving a copy thereof to the counsel for the Royal Insurance Company.

Done and Ordered at the City of Ponce, Porto Rico, this 7th day of February, 1922.